IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMIAH BUSH, | : | CIVIL ACTION |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| THOMAS MCGINLEY, et al.. | : | NO. 21-2106 |
| Respondents. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                              June 17, 2022

Before the Court for Report and Recommendation is the petition of Jeremiah Bush for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution – Coal Township serving a life sentence that arises out of a prosecution and conviction in the Chester County Court of Common Pleas for first-degree murder. His *pro se* petition sets out thirteen claims raising allegations of ineffective assistance of counsel and violations of his right to due process. Bush has moved for a stay of these proceedings on the grounds that he is litigating another collateral review petition in state court. (Doc. 15.) Respondents have not filed any opposition to the stay request.

For the reasons that follow, we recommend that the Court stay these proceedings and hold this habeas petition in abeyance while Petitioner litigates unexhausted claims in the state courts.

    I.    **FACTUAL AND PROCEDURAL BACKGROUND**

Following a jury trial, Bush was convicted on May 16, 2013 of first-degree murder and related charges. The court sentenced him on May 29, 2013 to life imprisonment for murder, a concurrent term of 4 to 8 years for burglary, and a concurrent term of 18 to 40 years for conspiracy

1

to commit murder. Bush's post-sentence motion was denied. Thereafter, new counsel entered her appearance and filed a notice of appeal to the Superior Court, but on February 4, 2015, that court affirmed the judgment of sentence. *Commonwealth v. Bush*, 2976 EDA 2013, 2015 WL 7587156 (Text), 120 A.3d 368 (Table) (Pa. Super. Ct. 2015). The state supreme court denied allowance of appeal on June 11, 2015. *Id.*, 158 MAL 2015, 117 A.3d 294 (Table) (Pa. 2015).

On February 29, 2016, Bush filed a PCRA petition. The court appointed counsel for petitioner, twice, before privately retained counsel, Teri B. Himebaugh, Esquire, entered her appearance on February 5, 2018. With leave of court, Attorney Himebaugh filed an amended petition on Bush's behalf on June 13, 2018. After the PCRA Court gave notice of its intent to dismiss the PCRA petition without a hearing, however, Attorney Himebaugh withdrew and prior counsel C. Curtis Norcini, Esquire, was reappointed to represent Petitioner.

On January 13, 2020, the PCRA Court denied the PCRA Petition, and on August 7, 2020, the Superior Court affirmed the dismissal. *Commonwealth v. Bush*, 376 EDA 2020, 2020 WL 4559145 (Text), 240 A.3d 129 (Table) (Pa. Super. Ct. 2020). The state supreme court denied allowance of appeal on March 1, 2021. *Commonwealth v. Bush*, 480 MAL 2020, 249 A.3d 885 (Table) (Pa. 2021).

Bush filed a petition for writ of habeas corpus in our Court on or about April 9, 2021. (Doc. 1.) Respondents filed their response to his petition on July 26, 2021 (Doc. 8), and Bush filed a reply on March 8, 2022. (Doc. 17.) In late 2021, prior to this filing, Bush moved for a stay of these proceedings. (Doc. 15.) He asks that the Court hold his petition in abeyance in light of an affidavit he obtained in an unrelated case which, in combination with telephone records he

obtained, would, he believes, provide a basis for an assertion of innocence in this case. (Doc. 15 at ECF p. 4.) Respondents did not file any opposition to the motion to stay.

## II.     DISCUSSION

### A.     The exhaustion requirement; stay and abeyance pending exhaustion

The federal courts' power to grant habeas relief is limited in nature. Absent unusual circumstances, the federal court will not grant relief unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A) as to that claim. Exhaustion requires that the petitioner give the state courts an opportunity to review his allegations of error and correct any violations of his federal rights before seeking relief in the federal court on the basis of these allegations. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The Court would not be able to grant habeas relief on any unexhausted claims even if it would determine that the claim had merit unless the petitioner satisfies one the of the exceptions set out in § 2254(b)(1)(A)-(B). *See Lambert v. Blackwell*, 134 F.3d 506, 515 (3d Cir. 1997). Those exceptions are not applicable here.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court addressed the harsh results that had followed from its previous approach toward mixed petitions, which required courts to dismiss without prejudice petitions containing both exhausted and unexhausted claims so that petitioners could first present the unexhausted claims to the state court. That approach, however, exposed petitioners to the "risk of forever losing their opportunity for any federal review of their unexhausted claims," *id.* at 275, in light of the statute of limitations enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The Court noted its desire to remain faithful to the "twin purposes" of AEDPA: "encouraging finality" and "streamlining federal habeas proceedings" by requiring exhaustion. *Id.* at 276-77. Based upon these considerations,

the Court concluded that the district court should stay, rather than dismiss, a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278. "In such circumstances," the Court determined, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id*.

### B. There are grounds to stay consideration of the habeas petition.

Some of the claims Bush seeks to advance in his habeas petition have not been exhausted. The habeas petition pending before the Court thus appears to be a mixed petition. Our review of available state court docket sheets confirms, however, that Bush has filed a second PCRA petition in state court. While it is not clear what claims are asserted in that action, it appears that Bush is seeking to exhaust state court remedies on additional claims or to develop his claim of innocence based on the new affidavit, which could be pertinent to excuse a procedural default of federal constitutional claims.

A consideration of the factors detailed in *Rhines* persuades us that holding the habeas petition filed by Bush in abeyance as he requested, rather than dismissing it without prejudice, is the most appropriate course. First, he may have good cause for failing to have exhausted state court remedies before filing here and raising the claims asserted in his federal petition. Second, we are concerned about the risk that, if the present petition were dismissed without prejudice to allow exhaustion to continue, he may not return in time. Third, we cannot say that any unexhausted claims are "plainly meritless" on the limited record before us. Finally, there is no evidence that Bush has engaged in intentionally dilatory tactics. In this regard, we note that

4

Respondents have not opposed a stay pending conclusion of the state litigation. This case thus presents circumstances warranting use of the stay and abey procedure and none of the circumstances that warrant denying a requested stay.

### III.  CONCLUSION

Petitioner has presented a petition containing claims that may still be the subject of PCRA litigation in the state court. Habeas relief on those claims is not available at this time, as Bush has not satisfied the requirement that he exhaust available state court remedies -- a requirement with which he must comply. We will not recommend, however, that the petition be dismissed entirely. In light of Petitioner's evident intention to exhaust available state court remedies, the better approach, and one in the best interests of the parties and the resources of the Court, is to stay the matter, permit Bush to seek relief on his unexhausted and/or innocence claims in state court, and, if he is unsuccessful, permit him to return to this Court at the conclusion of the state proceedings. At that time, and after receipt of a further response to the petition if we deem it necessary, we would be in position to provide the district court with a complete Report on all of the claims asserted in the petition. Therefore, we make the following:

# R E C O M M E N D A T I O N

AND NOW, this 17th day of June, 2022, IT IS RESPECTFULLY RECOMMENDED that the Motion for Stay and Abeyance (Doc. 15) be GRANTED and that:

a. The proceedings be STAYED and the case transferred to the civil suspense docket; and

b. The petition for writ of habeas corpus be HELD IN ABEYANCE pending exhaustion in state court of claims. Petitioner should be required to notify the Court within 30 days after the conclusion of the state court proceedings (including the conclusion of any appellate proceedings related thereto) that his case is ready to proceed in this Court.

Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE